UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 13-10582-RGS

DEXTER LAMOTTE

v.

ERIC HOLDER, et al.

MEMORANDUM AND ORDER

April 9, 2013

STEARNS, D.J.

For the reasons stated below, the clerk shall enter judgment dismissing this case without prejudice and without payment of the filing fee.

BACKGROUND

On March 11, 2013, Petitioner Dexter Lamotte, a citizen of Trinidad now confined to the Plymouth County House of Correction, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  See Docket No. 1.  With his complaint, he filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application") and a Motion for Release from Detention.  See Docket Nos. 4, 5.

Petitioner challenges his continued detention and seeks immediate release on the ground that his continued detention is in violation of his due process rights as articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner alleges that he has been in ICE custody since December 13, 2011, and that his order of removal became final on November 21, 2012. Petitioner alleges that it is unlikely that he will be removed in the reasonably foreseeable future and he seeks immediate release.

DISCUSSION

I. The Court May Screen this Petition

The Rules Governing Habeas Corpus Cases Under Section 2254 may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254. Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

Here, Petitioner failed to submit a certified prison account statement with his Application to Proceed Without Prepayment of Fees.

Ordinarily, a petitioner will be granted additional time to comply with the filing fee requirements. However, for the reasons set forth below, the petition is subject to dismissal without prejudice.

II. The Petitioner, By His Own Admission, as Been Held Less Than 6-Months

Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2). Section 1231 also provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney

General, but that certain classes of aliens, including those convicted of certain crimes, may continue to be detained after the 90-day removal period.  Id. § 1231(a)(3), (6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. Zadvydas, 533 U.S. at 701.  If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances."  Id. at 699-700.

Under this formulation, an alien being held pursuant to Section 1231(a)(6) cannot assert a Zadvydas due process claim if he has been detained for less than six-months. See Hodel v. Aguirre, 260 F. Supp. 2d 695, 699 (N.D. Ill. 2003) (Zadvydas not implicated where criminal alien held less than 6-months).  Here, petitioner, by his own admission, has been held for less than five months.  Thus, this petition for a writ of habeas corpus will be dismissed without prejudice as premature.

## CONCLUSION

For the reasons set forth above, this action is dismissed without prejudice and without payment of the filing fee.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE